## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN L. THOMAS, Inmate #05714-000,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  05-592-GPM** |
| | ) | |
| **P. BAKKE, L. SAMPLE, and** | ) | |
| **P. TRIVILLION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### PROCEDURAL BACKGROUND

Plaintiff filed his complaint in August 2005 naming two defendants, P. Bakke and L. Sample. In September 2005, Plaintiff filed a motion "to reinstate parties," which the Court construed as an attempt to amend the complaint because the only request in the motion was to add four new defendants to the action (Doc. 8).  The Court denied the motion because Plaintiff's attempt to amend did not comply with the Federal Rules of Civil Procedure nor the Court's local rules.  In the order denying the motion (Doc. 13), the Court granted Plaintiff thirty days leave to amend his complaint in accordance with the rules, specifically informing Plaintiff that his amended complaint must include all claims he wished to pursue against all defendants with an explanation as to how the

additional defendants were personally responsible for violating his constitutional rights.   On

September 11, 2006, Plaintiff filed his amended complaint (Doc. 15).   Despite Plaintiff's earlier

attempt to add four new defendants in the action, the amended complaint included only one

additional defendant.

### THRESHOLD REVIEW

Under 28 U.S.C. § 1915A, the Court must conduct a preliminary review of the complaint.

That statute provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Upon careful review of the complaint and any

supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this

point in the litigation.

### FACTUAL BACKGROUND

Based on the Plaintiff's factual allegations and exhibits submitted with the complaint,

Plaintiff alleges the following.   On March 21, 2005, Defendant Sample used excessive force against

Plaintiff in an unspecified manner, causing him a head injury.   Defendant Trivillion, an employee

at the prison hospital, denied Plaintiff treatment for the injuries he sustained and refused to

determine whether Plaintiff had sustained serious head injuries.   Thereafter, Plaintiff began

experiencing painful headaches.  He sought treatment for the pain beginning on March 29, 2005, specifically requesting x-rays and pain medication.  Defendant Bakke, the Hospital Administrator, had the authority to provide treatment of the pain but did not do so, despite Plaintiff's numerous requests.

## LEGAL STANDARDS

Plaintiff's complaint describes two legal claims:  (1) improper use of excessive force by Defendant Sample, and (2) deliberate indifference to Plaintiff's serious medical needs by Defendants Trivillion and Bakke.

### *Excessive Force*

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under 42 U.S.C. § 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. … [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff alleges that Defendant Sample's assault on him caused a severe head injury. Although Plaintiff does not give many details about the alleged assault, his statements are sufficient to state a claim for unconstitutional use of excessive force. As such, Plaintiff may proceed against Defendant Sample on this claim.

### *Deliberate Indifference to Serious Medical Needs*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

> harm....   Whether a prison official had the requisite knowledge of a substantial risk
> is a question of fact subject to demonstration in the usual ways, including inference
> from circumstantial evidence, … and a factfinder may conclude that a prison official
> knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit Court of Appeals' decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only
> if the prison official named as defendant is deliberately indifferent to the prisoner's
> health – that is, only if he "knows of and disregards an excessive risk to inmate
> health or safety."

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Here Plaintiff alleges that Defendants Trivillion and Bakke refused to provide him treatment for his head injury and subsequent headaches, despite Plaintiff's numerous requests for treatment. Based on the legal standards described above and Plaintiff's factual allegations, this claim cannot be dismissed at this point in the litigation.  Plaintiff may proceed against Defendants Trivillion and

Bakke on his deliberate indifference claim.

### SUMMARY

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Bakke, Sample, and Trivillion***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint and amended complaint (Docs. 1, 15), including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Bakke, Sample, and Trivillion*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Bureau of Prisons (BOP) who no longer can be found at the work address provided by Plaintiff, the BOP shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the BOP pursuant to such order shall not be maintained in the Court file

nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received.  If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said Defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

### PENDING MOTION

Currently pending before the Court is Plaintiff's motion for an extension of time to file his amended complaint (Doc. 14).  Because the Court now has received and evaluated Plaintiff's amended complaint, this motion is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  10/12/06

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
Chief United States District Judge