IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-592-GPM |
| | ) | |
| P. BAKKE, Hospital Administrator, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss (Doc. 20), now construed by the Court as a Motion for Summary Judgment (Doc. 20), filed by Defendants L. Sample and P. Trivillion on January 5, 2007.  For the reasons set forth below, it is **RECOMMENDED** that the Motion to for Summary Judgment (Doc. 20) be **GRANTED,** that this case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

**Procedural Background**

On August 16, 2005, Plaintiff commenced this action against Defendants P. Bakke and L. Sample alleging violations of his constitutional rights by persons acting under color of federal authority. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  On September 2, 2005, Plaintiff filed a Motion to Reinstate Parties (Doc. 8), which the Court construed as a Motion for Leave to File an Amended Complaint.  The Court subsequently denied that motion, but granted Plaintiff thirty days leave to amend his complaint in accordance with the federal

rules (Doc. 13). On September 11, 2006, Plaintiff filed his amended complaint, which added Defendant P. Trivillion to the action (Doc. 15). About a month later, Defendants Sample and Trivillion waived service and then filed the instant Motion to Dismiss (Doc. 20), which seeks dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies. To this date, Defendant P. Baake has not been served.

On July 24, 2007, this Court issued a Notice and Order to Respond (Doc. 23) directed to Plaintiff. That order notified Plaintiff that the Court had construed Defendants' Motion to Dismiss as a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 12(d), because Defendants filed affidavits and exhibits in support of the motion to dismiss. The order advised Plaintiff how to respond to a motion for summary judgment, and warned Plaintiff of the consequences of failing to respond to Defendant's Motion for Summary Judgment (Doc. 20). That notice correctly informed Plaintiff, "Unless you respond to this motion with sworn statements which contradict important facts claimed by the defendant in their sworn materials, the Court will accept the defendant's uncontested facts as true." (Doc. 23 at 2). The Court then warned Plaintiff, "More importantly, you will lose this lawsuit, in whole or in part, if the Court determines that, under those unchallenged facts, the defendants are entitled to judgment under the law." (Doc. 23 at 2). The Court explicitly ordered, "**Plaintiff shall respond to the motion to dismiss and/or for summary judgment and file any such affidavits or other evidence with the court no later than August 24, 2007.**" (Doc. 23 at 3) (emphasis in original).

Despite this notice and warning, Plaintiff failed to respond to Defendant's Motion for Summary Judgment. While Plaintiff did his own Motion for Summary Judgment (Doc. 24) on August 6, 2007, he failed to address Defendants' Motion for Summary Judgment in name or

2

substance, not even mentioning exhaustion of administrative remedies. The Court, therefore, considers this an admission of the merits of the motion pursuant to SDIL-LR 7.1(c).

**Substantive History**

Plaintiff states two counts of alleged constitutional violations of his rights under the Eighth Amendment: use of excessive force by Defendant Sample, and deliberate indifference to Plaintiff's serious medical needs by Defendants Bakke and Trivillion. Specifically, Plaintiff alleges that On March 21, 2005, Defendant Sample used excessive force against him in an unspecified manner, causing him to suffer a head injury. Plaintiff further alleges that Defendant Trivillion, an employee at the prison hospital, denied Plaintiff treatment for the injuries he sustained and refused to determine whether Plaintiff had sustained serious head injuries. Thereafter, Plaintiff alleges he began experiencing painful headaches and sought treatment for the pain beginning on March 29, 2005, specifically requesting x-rays and pain medication. As to Defendant Bakke, the Hospital Administrator, Plaintiff alleges that this defendant had the authority to provide treatment of the pain but did not do so, despite Plaintiff's numerous requests.

The circumstances surrounding these claims were the substance of three administrative complaints filed by Plaintiff pursuant to the Federal Bureau of Prison's Administrative Remedy Program (Doc. 21-2 at 2). Each of his complaints were assigned a Remedy Identification Number, then logged and tracked in the BOP's SENTRY computer program (Doc. 21-2 at 2). Plaintiff's complaints were assigned the Remedy Identification Numbers 377191 ("Complaint 1"), 380953 ("Complaint 2") and 393626 ("Complaint 3). Defendants allege that Plaintiff's case must be dismissed because Plaintiff failed to exhaust his administrative remedies as to all three of these grievances. The undisputed material facts indicate as follows:

In Complaint 1, Plaintiff alleges lack of medical treatment for chronic headaches (Doc. 23-3 at 10).  Complaint 1 was properly presented first to the Warden, who issued a response, and then appealed to the Regional Director on June 9, 2005 (Doc. 21 at 5; Doc. 23-3 at 10).  Before receiving a response from the Regional Director Plaintiff appealed to the General Counsel on July 29, 2005 (Doc. 23-4 at 4; Doc. 23-3 at 11).  The General Counsel, however, rejected this appeal attempt because a response by the Regional Director had not been issued and was not yet due until August 8, 2005 (Doc. 21-2 at ¶ 10; Doc. 23-4 at 4).  The General Counsel informed Plaintiff to wait for the response from the Regional Director before appealing to the General Counsel level, but Plaintiff did not subsequently file any appeal to the Regional Director's response denying Complaint 1 (Doc. 21-2 at ¶ 10; Doc. 21-4 at 4; Doc. 21-3 at 10).

In Complaint 2, Plaintiff alleges that one of his medical records contains inaccurate information that was put there by Defendant Trivillion (Doc. 21-2 at ¶ 11).  Plaintiff properly presented this complaint to the Warden who subsequently issued a response.  On July 25, 2005, Plaintiff timely appealed the response to the Regional Director, who also issued a timely response.  When Plaintiff attempted to appeal the Regional Director's response to the General Counsel it was rejected because it did not contain copies of the Warden and Regional Director's complaint forms (Doc. 21-2 at ¶ 11).  Plaintiff was given fifteen days to resubmit the appeal with the correct documentation, but there is no record that any further attempt to appeal was made (Doc. 21-2 at ¶ 11; Doc. 21-3 at 2).

In Complaint 3 Plaintiff alleges that he was assaulted by Defendant Sample, who was part of a conspiracy against him.  Plaintiff filed Complaint 3 as an appeal of a disciplinary hearing regarding the facts surrounding Plaintiff's excessive force claim in which Plaintiff was found to have committed the act of Threatening Another With Bodily Harm (Doc. 21-3 at 15).

Complaint 3 was properly presented to the Warden, who issued a response, and then appealed on October 27, 2005, to the Regional Director, who issued a response on November 22, 2005 (Doc. 21-3 at 11, 14; Doc. 21 at 4). When Plaintiff tried to appeal to the General Counsel on January 11, 2006, his appeal was rejected by the General Counsel, because (1) it was filed more than thirty days after the Regional Director's response was issued, (2) Plaintiff did not submit a complete set of the request or appeal forms, and (3) Plaintiff's appeal did not contain the proper number of continuation pages (Doc. 21-2 at ¶ 9; Doc. 21-3 at 2; Doc. 21-3 at 14).

DISCUSSION

### A. Legal Standard

On January 5, 2007, Defendants Sample and Trivillion filed a Motion to Dismiss (Doc. 20), which was accompanied by affidavits and exhibits. Pursuant to Federal Rule of Civil Procedure 12(d), this motion will be treated as a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th

Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997).

Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller,168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

6

**Exhaustion of Administrative Remedies**

Defendants allege, pursuant to the Prison Litigation Reform Act ("PLRA"), that Plaintiff's action must be dismissed because Plaintiff did not fulfill the PLRA's exhaustion requirement. Plaintiff's status as a prisoner means that his claims are governed by the Prison Reform Litigation Act of 1996. Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhausting available administrative remedies is, therefore, a precondition of suit. Dale, 376 F.3d at 655; See also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Inmates are not permitted to bring an action to court until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules..." Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006). The exhaustion requirement is mandatory regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001). Failure to exhaust is an affirmative defense and, as such, puts the burden of proof on the defendant. Dale v. Halpin, 376 F. 3d 652, 655 (7th Cir. 2004).

The BOP promulgated an administrative remedy system that is embodied in 28 C.F.R. §§ 542.10-.19, and Program Statement (PS) 1330.13, Administrative Remedy Program (Doc. 21-2 at 13-28). Inmates are required to use the BOP's Administrative Remedy Program to rectify

7

alleged deprivations of their rights (Doc. 21-2 at ¶ 4).  The program is a three-tiered review process comprised of the Warden, the Regional Director, and the General Counsel (Doc. 21-2 at ¶ 4).  Unless the complaint is an appeal from the Discipline Hearing Officer's (DHO) decision, which goes directly to the Regional Office, inmates must first present their complaints to the Warden of the facility in which they are confined, if an attempt at informal resolution is unsuccessful (Doc. 21-2 at ¶ 4).  If an inmate is not satisfied with the Warden's response, the inmate may appeal the matter to the Regional Director for the BOP (Doc. 21-2 at ¶ 4).  The inmate has 20 days to appeal the decision to the Regional Director, and the Regional Director has 30 days to respond to the inmate (Doc. 21-2 at ¶ 4; 28 C.F.R. §§ 542.15, 542.18).  If the inmate is not satisfied with the Regional Director's response, the inmate has 30 days to submit an appeal to the Office of General Counsel (Doc. 21-2 at ¶ 4).  The General Counsel has 40 days to respond (Doc. 21-2 at ¶ 4). An appeal to the General Counsel is the final BOP administrative appeal (Doc. 21-2 at ¶ 4).  Inmates are not considered to have exhausted their administrative remedies until their requests or appeals have been properly filed at all levels of the process and responded to on the merits (Doc. 21-2 at ¶ 4).

In this case, Defendants Sample and Trivillion allege that Plaintiff has failed to exhaust his administrative remedies, and provide in support the affidavit of Amy J. Standefer, Senior Attorney for the United States Department of Justice, is experienced with the BOP's SENTRY system for tracking administrative complaints made under the BOP's Administrative Remedy Program (Doc. 21-2 at ¶ 1).   Ms. Standefer attached to her affidavit the exhibits, referenced above, that indicate that Plaintiff failed to timely file any one of his three complaints.

With regard to Complaint 1, the Court finds that although Plaintiff properly presented this complaint at the Warden and Regional Director levels, his attempt to file an appeal with the

General Counsel was untimely as he tried to file it before the Regional Director had issued a response (Doc. 21 at 5; Doc. 23-3 at 10-11; Doc. 23-4 at 4). Plaintiff attempted to file his appeal to the General Counsel on June 9, 2005, but the Regional Director had issued its response and was required to do so until August 8, 2005 (Doc. 21-2 at ¶ 10; Doc. 23-4 at 4). Because Plaintiff did not thereafter an appeal to the Regional Director's response denying Complaint 1, he failed to exhaust his administrative remedies (Doc. 21-2 at ¶ 10; Doc. 21-4 at 4; Doc. 21-3 at 10).

With regard to Complaint 2, Plaintiff properly presented this complaint at the Warden and Regional Director levels, but failed to include copies of the Warden and Regional Director's complaint forms when he attempted to appeal to the General Counsel, and his appeal was rejected (Doc. 21-2 at ¶ 11). Even so, Plaintiff was given fifteen days to resubmit the appeal with the correct documentation, but he failed to do so (Doc. 21-2 at ¶ 11; Doc. 21-3 at 2). Therefore, Plaintiff did not exhaust his administrative remedies as to Complaint 2.

Finally, with regard to Complaint 3, Plaintiff properly filed Complaint 3 with the Warden, and then to the Regional Director on October 27, 2005, who issued a response on November 22, 2005 (Doc. 21-3 at 11, 14; Doc. 21 at 4). Because Plaintiff waited until January 11, 2006, to appeal to the General Counsel, which was more than 30 days after the Regional Director's response, he failed to exhaust his administrative remedies.

Defendants have demonstrated that there are no material facts in dispute, as evidenced by Plaintiff's lack of response to the Defendants' summary judgment motion, despite being warned of the consequences of not responding. On the undisputed facts before the Court, no reasonable jury could conclude that Plaintiff exhausted his administrative remedies, and judgment as a matter of law is therefore appropriate. According, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 20) be **GRANTED**.

9

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 21) be **GRANTED**, that this case be **DISMISSED** as to all defendants, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 7, 2007**

                                          s/ *Donald G. Wilkerson*
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**